The judgment of conviction is vacated with instructions to enter a verdict of not guilty.

**David J. DEAL, a minor, by Roger W. Deal, his father,**

v.

**The UNITED STATES of America.**

**No. P–2881.**

United States District Court S. D. Illinois, N. D.

Feb. 29, 1968.

Robert Strodel, Peoria, Ill., for plaintiff.

James P. Hatcher, Asst. U. S. Atty., Peoria, Ill., for defendant.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

Plaintiff herein is suing the U. S. government under the Federal Tort Claims Act for injuries alleged to have been caused by Charles J. Poehls, a postal employee acting within the course and scope of his employment with the United States Post Office. At the close of plaintiff's evidence, the government moved for judgment in its favor, and the court took that motion under advisement with the whole case. Upon examination of the evidence and consideration of the post-trial briefs, the court now grants the government's motion for judgment because the plaintiff did not establish a prima facie case that the defendant was negligent and that any such negligence proximately caused his injuries.

The evidence in this case is not seriously in dispute. On August 11, 1966, the 3½ year old plaintiff was playing on his tricycle on the sidewalk near 1801 Linn Street. Poehls, who was delivering a parcel post package, parked his mail truck in front of 1801 Linn Street. As he was returning to the truck, he noticed several small children playing in and about the mail truck and saw the defendant riding his tricycle on the nearby sidewalk. After getting the children away from the truck, the defendant took his seat on the driver's side thereof, checked rear view mirrors on both sides and started forward. Hearing a scream, he stopped the truck, got out, and saw the

young plaintiff lying in the street several feet from the rear of his truck.

From these facts the plaintiff asks the court to infer that defendant's negligence caused his injuries. While the court agrees that evidence of negligence may be entirely circumstantial and even that a possible inference from these facts is the one urged by plaintiff, it does not believe that a preponderance of the evidence indicates that Poehls acted negligently or that plaintiff's requested inference is any more likely or probable than the government's suggested inference that the child peddled his tricycle to the end of the walk and tumbled over the high curb into the street at the same time Poehls pulled away.

■ Admittedly, the mailman did not see the child when he checked his right rear view mirror. The plaintiff also asks the court to infer that defendant's bare failure to see was negligent. The mailman testified upon direct examination by the plaintiff that he checked both mirrors before easing away from the curb. There is no evidence that places the child dangerously near the truck prior to the accident, and there is consequently no reason to infer that he was present at the side thereof and overlooked. Since the mailman intended to go forward, he was prudently looking ahead the instant before and at the time of moving forward and therefore might not have seen the child as he passed through the band of vision available from the right rear view mirror. The court does not believe that a simple failure to see the child in such circumstances can constitute negligence.

■ Moreover, plaintiff was unable to show that Poehls' alleged negligence proximately caused his injuries. No witness who testified saw the boy touch the truck or the truck touch the boy, and two witnesses in plaintiff's case in chief said that they were unable to identify any fresh markings on the mail truck indicating any contact between the boy and the truck. The fact that the boy's scream coincided with the movement of the truck is not alone sufficient to establish causation.

The case relied upon by the plaintiff, Jones v. United States of America, 265 F.Supp. 858 (D.C.1967), is inapposite and clearly distinguishable from the instant case. In *Jones* there was clear evidence of negligence. The mailman was operating in a "play street" and was consequently under a very high duty of care, which he violated by not keeping a sharp lookout. Also, the evidence showed contact between the boy and the truck. Thus, the two key elements missing in the instant case were present in *Jones* and naturally led to a different result.

Judgment is entered for defendant.